IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03014-BNB

ANDRES GONZALEZ,

    Plaintiff,

v.

YVONNE MOORE, and
GLEN BALDWIN,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Andres Gonzalez, initiated the instant action by filing *pro se* a Complaint (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). The Court reviewed the documents and found them to be deficient. Therefore, on November 20, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Gonzalez to cure certain enumerated deficiencies within thirty days.

    The November 20 order specifically noted that the affidavit to the § 1915 motion was not notarized, the names in the caption to the § 1915 motion did not match the names in the caption to the Complaint, and Plaintiff failed to assert a basis for this Court's jurisdiction, assert claims, make a request for relief, or provide addresses for each named Defendant. On December 20, 2012, Mr. Gonzalez filed a § 1915 motion and affidavit (ECF No. 5) with a notarized affidavit and an amended Complaint (ECF No. 6) with no asserted claims or basis for this Court's jurisdiction. On December 27,

2012, Magistrate Judge Boland entered a minute order (ECF No. 7) noting that the § 1915 motion and affidavit submitted on December 20 was deficient because Mr. Gonzalez failed to indicate in the first paragraph on page one whether or not he wanted service by the United States Marshal's Service.  *See* ECF No. 5 at 1.  The minute order allowed Plaintiff fifteen days to correct the designated deficiency.  On January 2, 2013, Mr. Gonzalez requested service by the marshal.  *See* ECF No. 8.

On January 14, 2013, Magistrate Judge Boland entered an order (ECF No. 9) granting Mr. Gonzalez leave to proceed *in forma pauperis* pursuant to § 1915 and directing him to file a second amended Complaint that asserted a jurisdictional basis for his claims and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The January 14 order provides a detailed explanation as to the Rule 8 deficiencies Mr. Gonzalez was directed to cure.

On February 4, 2013, in response to the January 14 order, Mr. Gonzalez filed two separate second amended Title VII complaints (ECF Nos. 10 and 11), one against each named Defendant, and two § 1915 motions and affidavits (ECF Nos. 12 and 13), neither of which he was directed to file.  On February 6, 2013, Magistrate Judge Boland entered a minute order (ECF No. 14) noting that the Court would not address the substance of the two separate second amended Title VII complaints (ECF Nos. 10 and 11) and affording Mr. Gonzalez a final opportunity to submit within thirty days a single third amended Title VII Complaint against all the Defendants he intended to sue that complied with the January 14 order.  Magistrate Judge Boland further directed Mr. Gonzalez to answer in his third amended Title VII Complaint the two questions about "Administrative Procedures" on page two of the Title VII Complaint form, and submit

with the single third amended Title VII Complaint a copy of the notice-of-right-to-sue letter he received from the Equal Employment Opportunity Commission. Magistrate Judge Boland warned Mr. Gonzalez that failure to file a third amended Title VII Complaint within the time allowed that complied with the directives of the January 14 order and February 6 minute order would result in the dismissal of the instant action. The February 6 minute order also denied the § 1915 motions and affidavits as moot.

Mr. Gonzalez has failed within the time allowed to file a third amended Title VII Complaint or otherwise to communicate with the Court in any way. Therefore, the second amended Title VII complaints and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Gonzalez files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the second amended Title VII complaints (ECF Nos. 10 and 11) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Andres Gonzalez, to file a third amended Title VII Complaint that complies with the pleading requirements of Rule 8 and the directives of the order of January 14, 2013 (ECF No. 9), and the minute order of February 6, 2013 (ECF No. 14). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  18th  day of      March         , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court